# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

**No. 98-20076**
**Summary Calendar**

---

**U2 HOME ENTERTAINMENT, INC.; TAI SENG VIDEO MARKETING INC.; T-1004 CORPORATION, doing business as Rookie Films,**

> **Plaintiffs-Appellees,**

**VERSUS**

**K- PHOTO & VIDEO; ET. AL.,**

> **Defendants,**

**BANK ONE TEXAS, NATIONAL ASSOCIATION,**

> **Garnishee-Appellee,**

**VERSUS**

**KUM-SOON  CHAE, doing business as K-Video,**

> **Movant-Appellant.**

---

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-2332)

---

January 6, 1999

Before REYNALDO G. GARZA,  BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

### I.  Factual and Procedural Background

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant, Kum-Soon Chae ("Kum-Soon"), owns and operates K-Video, a sole proprietorship. Kum-Soon allegedly purchased the inventory of the judgment debtor, K-Photo & Video, Inc., ("K-Photo"), a video store located in Houston, Texas. Kum-Soon also worked at K-Photo. Choi Kwang Bok (a/k/a Kwang Pok Choi a/k/a James Choi a/k/a Jimmy Choi a/k/a Jimmy Chae a/k/a Choi Kwang Chae) ("Jimmy Chae"), Jane Chae (a/k/a Jane Choi a/k/a Yang Choi) and Jay Chae (a/k/a Jay Choi a/k/a Yang Choi) (collectively referred to as "judgment debtors") were the officers and directors of K-Photo. They were responsible for the control and management of the corporation. Jimmy Chae and Jane Chae are the parents of Jay Chae, who is the husband of Kum-Soon.

On July 18, 1996, U2 Home Entertainment, Inc., d/b/a Tai Seng Video Marketing and T-1004 Corp. d/b/a Rookie Films (collectively referred to as "appellees") brought suit against K-Photo in the United States District Court for the Southern District of Texas. They alleged that K-Photo had engaged in copyright infringement under 17 U.S.C. § 101 *et seq.* and Lanham Act Violations under 15 U.S.C. § 1125 *et seq.* The action was based upon K-Photo's unauthorized duplicating, selling, and renting to the public appellees' copyrighted motion pictures and TVB programs bearing counterfeit trademarks and labels.

On August 12, 1997, the district court entered a final judgement against K-Photo and the judgment debtors in the amount of $1,364,000. The court found the judgment debtors jointly and severally liable to appellees for tortious violation of United States copyright laws under 17 U.S.C. §504(c).

On October 28, 1997, appellees' application for a writ of garnishment after judgment directed to Bank One, Texas, N.A. ("Bank One") was granted.

On November 21, 1997 Kum-Soon filed a Motion to Intervene and Motion to Vacate, Dissolve or to Modify Writ of Garnishment pursuant to Rule 664a of the Texas Rules of Civil Procedure. Kum-Soon complained that the writ should have been dissolved because it trapped funds in an account that belonged exclusively to her.

On November 24, 1997, a hearing was held where the district court, Kum-Soon and her attorney heard appellees' arguments where they contested Kum-Soon's claim of ownership of the funds based on theories of fraudulent conveyance and community property. The court also ordered that Allan Huie, representative of appellees, and Kum-Soon be deposed based on allegations of ownership by Kum-Soon.

Also on November 24, 1997, Bank One, after being served with the writ of garnishment, served its original answer admitting indebtedness to the appellees of $19,819.90. Bank One impounded the funds of two accounts: (1) account number 9360203216 ("account one"), styled Jimmy Chae or Jane Chae, with a balance of $1,323.95; and (2) account number 1820890588 ("account two"), styled Kum-Soon Chae d/b/a Video, with a balance of $18,376.47. The signature card on account two listed both Kum-Soon Chae and Jane Chae as authorized signatories.

On December 5, 1997, a Rule 664a hearing was conducted. The trial court heard arguments, listened to testimony, and reviewed evidence. The trial court invited appellees to submit a brief and point out portions of the deposition testimony they wished to consider. Later on December 5, appellees filed their Plaintiffs' Memorandum in Support of Garnishment. The trial court instructed Kum-Soon to file any response to the memorandum by Monday morning, December 8, 1997. Kum-Soon failed to file a timely objection to the memorandum. On December, 8, 1997, the district court entered a judgment denying Kum-Soon's motion.

This appeal followed.

## II. *Standard of Review*

We review the trial court's evidentiary rulings for abuse of discretion. *Hollywood Fantasy Corp. v. Gabor*, 151 F.3d 203, 211 (5th Cir. 1998). Furthermore, this Court reviews the district court's findings of fact for clear error. *American River Trans. Co. v. Kavo Kaliakra SS*, 148 F.3d 446, 449 (5th Cir. 1998).

## III. *Discussion*

## A. The Account

Kum-Soon asserts that the district court erred in granting the writ of garnishment because the appellees did not meet their burden of proof by showing that the judgment debtor owned more than bare legal title to the funds in the garnished account. This contention is meritless.

The district court properly noted that Bank One garnished the account because Jane Chae, one of the judgment debtors, is a signatory on the account. Furthermore, Jane Chae has unrestricted access to the account which she has used to pay her and her husband's credit card debts, their mortgage, health insurance and other personal expenses. In addition, most of the canceled checks produced at the deposition of Kum-Soon on November 24, 1997, had been signed by Jane Chae instead of Kum-Soon. Kum-Soon also conceded that Jane Chae holds legal title to these funds. Therefore, the evidence presented to the district court indicated that Jane Chae is an owner of the account. Moreover, appellees properly obtained the writ of garnishment and Kum-Soon failed to sufficiently prove her ownership of the account.

A post judgment writ of garnishment is issued if "a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the [judgment debtor] does not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE §63001(3). It is clear that the appellees obtained the writ by presenting to the trial court an application with an attached certified copy of a valid and subsisting judgment and an affidavit stating that the judgment debtors did not possess property in Texas subject to execution sufficient to satisfy the judgment. We find that the judgment and the affidavit were properly before the district court for consideration. Furthermore, the existence of a valid and subsisting judgment or the contents of the affidavit were not challenged. Therefore, we hold that the appellees' application for writ of garnishment after judgment met the statutory requirements and the trial court correctly issued the writ of garnishment.

Kum-Soon sought to have the writ dissolved pursuant to Texas Rules of Civil Procedure 664a. In a Rule 664a hearing the plaintiff must "prove the grounds relied upon for [the writ of

4

garnishment's] issuance.   Once the garnishor meets its burden, the intervenor bears the burden to prove the grounds for dissolution. *Walnut Equip. Leasing Co. v. J-V Dirt & Loam, a Div. of J-V Marble Mfg., Inc*., 907 S.W.2d 912, 925  (Tex.App.-Austin 1995, writ denied); *see* TEX.R.CIV.P. 664a.  This Court notes that Bank One was properly served with the writ of garnishment and a return was filed with the trial court.  Bank One then filed an answer and advisory to the court in which it acknowledged that it impounded the funds in the account styled "Kum-Soon Chae d/b/a K-Video" and that this account was garnished because the judgment debtor, Jane Chae, was a signatory.  A garnishee's answer stating that it does hold funds which belong to the debtor establishes *prima facie* that the debtor owns the funds,

> and without further evidence the garnishee may have the funds applied to pay the debt owed him by the debtor.  If another person claims ownership of the funds, he must intervene and by appropriate allegations and proof overcome that rebuttable presumption . . .

*Putman & Putman, Inc. v. Capitol Warehouse, Inc*., 775 S.W.2d 460, 463 (Tex.App.-Austin 1989, writ denied).   To recover the funds  Kum-Soon was required to allege and prove affirmatively that she owned the funds.  *Id.*

After reviewing the record, we find that Kum-Soon failed to meet her burden of proof by showing that she owned the funds in the account.  It is clear by the testimony made by  Bank One's representative, Kum-Soon's testimony, the affidavits, and the documents provided in the record,  that the district court properly found that Kum-Soon failed to meet her burden of proof.  Thus, the facts before the district court were sufficient to uphold its decision that Kum-Soon's motion should be denied.


### B.   Fraudulent Conveyance and Community Property

Kum-Soon asserts that she did not receive notice of the factual or legal basis upon which garnishment of the account could be granted.  She argues that the legal theories of fraudulent conveyance and community property were not pled and notice was not provided.

This Court finds that Kum Soon's complaint arguing insufficient notice in the pleadings is disingenuous. The record reveals that the appellees gave sufficient notice and that the writ of garnishment was properly attained. The burden shifted to Kum-Soon to plead and prove exclusive ownership of the fund; this she failed to do.

The district court determined that the funds in the account were subject to both garnishment pursuant to the Texas Family Code and the Texas Fraudulent Transfer Act. After reviewing its rationale we find that both of the district court's determinations are correct.

The appellees properly note that Kum-Soon, not the appellees, raised the issue of ownership of the account. Therefore, whether the funds in the account were community property pursuant to the Texas Family Code was properly considered by the district court.

The appellees correctly maintain that Kum-Soon was provided with proper notice as early as the November, 24, 1997 hearing. They note that she was aware of appellees' belief that the account was a result of a fraudulent conveyance at least twelve days before the Rule 664a hearing which granted the writ of garnishment. Notice was given in open court contesting Kum-Soon's affirmative claims of ownership. Therefore, this Court agrees with the appellees that it was no surprise, nor was it unfairly prejudicial, for appellees to counter Kum-Soon's position on the issue of ownership with rebuttal evidence and argument based on the Fraudulent Transfer Act. *See Alpine Geophysical Assoc. Inc. v. Quantum Electronics Corp.*, 651 S.W.2d 57, 61 (Tex.App.–Houston [14th Dist.] 1983, no writ)(concluding that no pleadings are necessary on matters which are in rebuttal to allegations made by the defendants as a defensive matter).

### C. Supporting Documents

Kum-Soon contends that the documents submitted in maintenance of the appellees' Memorandum in Support of Garnishment are defective because the documents were not verified or properly authenticated, including the deposition excerpts. Furthermore, she contends that the deposition excerpts were defective because they did not contain the court reporter's certificate or any

other form of authentication for use as evidence.

In support of their rebuttal of Kum-Soon's claim of ownership, the appellees attached excerpts to their memorandum from Kum-Soon and Jimmy Chae's depositions. The appellees assert that it was not an abuse of discretion for the court to consider the deposition excerpts. The appellees state that at the Rule 664a hearing, the court invited the parties to present briefs and to point our matters in the depositions for its consideration. In addition, Kum-Soon's counsel questioned her about her deposition during her live testimony at the Rule 664a hearing. They also contend that Kum-Soon's complaint regarding the deposition excerpts is waived. Moreover, the deposition excerpts were properly considered by the district court and are presumed to have been admissible evidence. *See Fishing Fleet, Inc. v. Trident Ins. Co., Ltd.*, 598 F.2d 925, 929 (5th Cir. 1979)(finding that in a bench trial it is presumed that the trial court's findings are based on admissible evidence).

We agree with the appellees and find that the deposition excerpts and the supporting documents were properly admitted. Moreover, they provide ample evidence in support of the district court's decision to deny Kum-Soon's motion.

### D. Due Process

Kum-Soon asserts that her fundamental right to due process was violated because appellees' pleadings were insufficient and did not give notice of the theories for which recovery was sought. Kum-Soon argues that she was deprived due process of law and a meaningful opportunity to prepare a defense to these issues. In addition, Kum-Soon contends that the district court erred in allowing the garnishment of the account since the only evidence submitted by the appellees was presented at the close of the evidentiary hearing. Furthermore, Kum-Soon complains that the court erred by relying on fatally defective evidence to grant the garnishment on the day that the evidence was filed because the district court did not allow Kum-Soon the opportunity to respond to the evidence.

The appellees maintain that the trial court afforded Kum-Soon due process of law in all respects in this matter. Moreover, the appellees assert that Kum-Soon's complaints that she was not

adequately apprised of appellees' theories raised in rebuttal to Kum-Soon's claim of ownership and title are without merit. This Court agrees with the appellees.

The appellees first raised the issue of ownership by claiming an interest in the account adverse to the judgment debtors. Kum-Soon and her attorney were present at the November 24, 1997 hearing, where it was stated that the appellees believed that any funds claimed by Kum-Soon were the result of a fraudulent conveyance. Furthermore, Kum-Soon admitted that she was married to the judgment debtor, Jay Chae, and that she had actual knowledge of the underlying judgment upon which the writ of garnishment was based. Also, Kum-Soon had notice, as a matter of law, of the community nature of the funds.

The appellees also correctly assert that the district court did not violate Kum-Soon's right to due process by considering the memorandum filed by the appellees. The record demonstrates that Kum-Soon received more than one-third of the memorandum and attachments three days before the court rendered judgment. However, Kum-Soon apparently waived the opportunity to receive the remainder of the memorandum that day by facsimile. In addition, Kum-Soon was instructed by the court to submit any responses to the appellees' memorandum by the morning of December 8, 1997. Kum-Soon was aware that the trial court was required to enter judgment on her motion on December 8, 1997. Nevertheless, Kum-Soon decided to disregard the instructions and refused to challenge the memorandum within the time ordered by the court at the December, 5, 1995, hearing.

Therefore, we conclude that Kum-Soon's fundamental right to due process was not violated.

## *IV. Conclusion*

Accordingly, for the reasons aforementioned, the district court's holdings are AFFIRMED.